UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAUNCH PAD TECHNOLOGIES, INC. dba ENTRANCE CONTROLS,<br><br>               Plaintiff,<br>  v.<br><br>ADT COMMERCIAL LLC,<br><br>               Defendant. | CASE NO. C21-5382-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW |

## I.  INTRODUCTION

This matter comes before the Court on an unopposed motion filed by Joseph J. Haddad and JJH Law, P.C. (collectively referred to herein as "Haddad") to withdraw as counsel for Deanna Moore, who is a cross defendant. Dkt. No. 31. For the reasons set forth below, the Court grants the motion.

## II.  BACKGROUND AND DISCUSSION

Plaintiff Launch Pad Technologies, Inc. dba Entrance Controls ("Entrance Controls"), filed a declaratory judgment action against Defendant ADT Commercial LLC ("ADT") in

ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW - 1

Thurston County Superior Court. Dkt. No. 1 at 1. ADT subsequently removed the case to this Court. *Id.* Entrance Controls seeks injunctive relief declaring that the non-competition agreement between ADT and its former employee, Deanna Moore, is invalid and unenforceable. *Id.* at 1–2. ADT asserts counterclaims against Entrance Controls and crossclaims against Moore for breach of contract, breach of duty of loyalty, tortious interference, unjust enrichment, and trade secret misappropriation. *Id.* at 2; Dkt. No. 3 at 7–10. Moore answered ADT's crossclaim and asserts her own crossclaim against ADT for failure to pay her all the compensation she was allegedly due. Dkt. No. 13 at 7–8.

Haddad, who entered his appearance on behalf of Moore in June 2021, Dkt. No. 12, now seeks to withdraw as her counsel. An attorney seeking to withdraw must serve the motion on the client and opposing counsel. LCR 83.2(b)(1). "If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number." *Id.* An attorney in a civil case "will ordinarily be permitted to withdraw until sixty days before the discovery cut off date[.]" *Id.*

The procedural requirements of Local Rule 83.2 have been met: Haddad served the motion on Moore, and Moore has provided her contact information. Dkt. Nos. 31 at 3, 33 at 2. Although the discovery cutoff is less than 60 days away, the span between the filing of this motion on April 22, 2022 and the June 3, 2022 discovery deadline is approximately six weeks. Dkt. Nos. 31, 35.[1]

In addition to the procedural requirements in Local Rule 83.2, the Court also considers the following factors: "'(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and

---

[1] Haddad recently sought a longer extension of the discovery deadline to accommodate Local Civil Rule 83.2's 60-day provision, but the other parties only agreed to a 30-day extension, which they requested and received from the Court. Dkt. Nos. 34, 35.

ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW - 2

(4) the degree to which withdrawal will delay the resolution of the case.'" *Russell v. Samec*, No. C20-0263-RSM-JRC, 2021 WL 3130053, at *1 (W.D. Wash. July 23, 2021) (quoting *Curtis v. Illumination Arts, Inc.*, No. C12-0991-JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014)).

Moore supports Haddad's withdrawal because her financial condition has left her unable to pay for further legal services. Dkt. No. 33 at 2. Moore seeks to proceed pro se because she cannot afford to pay an attorney regardless of whether that attorney is Haddad or someone else. *Id.* The hardship that would result to Moore if she were required to continue to pay Haddad—and the hardship that would result to Haddad if he were required to continue to represent her without compensation—weigh in favor of granting the motion. Dkt. No. 32 at 2 ("Our Firm has current charges outstanding, and continuing with representation without financial consideration would present an undue hardship on our firm."); *Garcia v. Milky Way Factory Inc.*, No. C20-02595-AS, 2020 WL 8027776, at *1 (C.D. Cal. Nov. 10, 2020) (granting motion to withdraw based on the client's failure to pay fees and "representation that [the client] cannot afford to continue with the litigation and retain new counsel"); RPC 1.16(b)(6) (an attorney may withdraw from representation if "the representation will result in an unreasonable financial burden on the lawyer").

Turning to the other factors, there is no indication in the record, and no party has argued, that prejudice will result from the withdrawal. Nor is there any indication that the withdrawal will delay the case or harm the administration of justice. Therefore, the factors weigh in favor of granting the motion and allowing Haddad to withdraw.

### III.   CONCLUSION

For all of those reasons, the Court GRANTS Haddad's unopposed motion, Dkt. No. 31, and ORDERS that Joseph J. Haddad and JJH Law, P.C. may withdraw from representing Moore in this matter.

ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW - 3

The Clerk is directed to update the docket to include Moore's contact information, Dkt. No. 33 at 2, and to send a copy of this order to Moore at that address.

Dated this 27th day of May, 2022.

*Lauren King*

Lauren King
United States District Judge